IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**FILED**
US DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 1 5 2009

DAVID J. MALAND, CLERK
BY_____
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | SEALED |
| | § | |
| v. | § | NO. 4:09CR142 |
| | § | Judge Schell |
| JORGE VILLEGAS-JAIMES (1) | § | |
| JESUS JAIMES, JR. (2) | § | |
| MARIO OROZCO-SILVA (3) | § | |
| MIGUEL SOLORZANO-GAMA (4) | § | |
| CLEMENTE VALDEZ, JR. (5) | § | |
| RIGO RIVERA (7) | § | |
| VERONICA VASQUEZ (8) | § | |
| GUMERCINDO CHAVARRIA- | § | |
| HERNANDEZ (9) | § | |
| JORGE CRUZ, JR. (10) | § | |
| YAMIS HINOJOSA (11) | § | |
| ROBERTO RENTERIA-SOLORZANO | § | |
| (12) | § | |
| ANA LILIA REYES-TOVERA (13) | § | |
| JORGE FERNANDEZ-OLVER (14) | § | |
| a.k.a. "Javier Alfonso Fernandez-Olver | § | |
| ALEJANDRO MENCHANCA (15) | § | |
| TERRANCE EUGENE MILLS (16) | § | |
| EMILIO MARTINEZ-GOMEZ (17) | § | |
| JOSE ARMANDO JAIMEZ-PIZA (18) | § | |
| FERNANDO ZUNIGA (19) | § | |
| ERIC CERVANTES-DUARTE (20) | § | |
| MATIAS GARCIA-ROBLES (21) | § | |
| JESSE ALVAREZ-CIPRIANO (22) | § | |
| LUIS EMILIO MENDOZA-DAVILA (23) | § | |

**SECOND SUPERSEDING INDICTMENT/NOTICE OF PENALTY - Page 1**

## SECOND SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: Title 21 U.S.C. § 846
(Conspiracy to Possess with Intent to
Distribute Cocaine)

That from sometime in or about January 2006, and continuously thereafter up to

and including October 15, 2009, in the Eastern District of Texas and elsewhere,

**Jorge Villegas-Jaimes**
**Jesus Jaimes, Jr.**
**Mario Orozco-Silva**
**Miguel Solorzano-Gama**
**Clemente Valdez, Jr.**
**Rigo Rivera**
**Veronica Vasquez**
**Gumercindo Chavarria-Hernandez**
**Jorge Cruz, Jr.**
**Yamis Hinojosa**
**Roberto Renteria-Solorzano**
**Ana Lilia Reyes-Tovera**
**Jorge Fernandez-Olver**
**Alejandro Menchanca**
**Terrance Eugene Mills**
**Emilio Martinez-Gomez**
**Jose Armando Jaimez-Piza**
**Fernando Zuniga**
**Eric Cervantes-Duarte**
**Matias Garcia-Robles**
**Jesse Alvarez-Cipriano**
**Luis Emilio Mendoza-Davila**

defendants, did knowingly and intentionally combine, conspire, and agree with each other

SECOND SUPERSEDING INDICTMENT/NOTICE OF PENALTY - Page 2

and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a violation of 21 U.S.C.§ 841(a)(1).

In violation of 21 U.S.C. § 846.

## Count Two

Violation: Title 21 U.S.C. § 846
(Conspiracy to Possess with the Intent to
Manufacture and Distribute
Methamphetamine)

That from sometime in or about January 2006, and continuously thereafter up to and including October 15, 2009, in the Eastern District of Texas and elsewhere,

**Veronica Vasquez
Gumercindo Chavarria-Hernandez
Jorge Cruz, Jr.
Yamis Hinojosa
Roberto Renteria-Solorzano
Ana Lilia Reyes-Tovera
Jorge Fernandez-Olver**

defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), a violation of 21 U.S.C.§ 841(a)(1).

In violation of 21 U.S.C. § 846.

## Count Three

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about August 5, 2009, within the Northern District of Texas, **Jesus Jaimes, Jr.**, defendant, did knowingly possess firearms, namely, a Colt, AR-15 style, .223 caliber machine gun with obliterated markings and a Norinco Model AK Style, 7.62x39mm caliber machine gun, Serial No. 212508, having a 1974 proof mark with all other markings obliterated, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: the conspiracy to possess with intent to distribute cocaine alleged in Count One of this Indictment, a violation of 21 U.S.C. § 846.

In violation of 18 U.S.C. § 924(c).

## Count Four

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about August 5, 2009, within the Northern District of Texas, **Jorge Villegas-Jaimes**, defendant, did knowingly possess firearms, namely, a Colt, AR-15 style, .223 caliber machine gun with obliterated markings and a Norinco Model AK Style, 7.62x39mm caliber machine gun, Serial No. 212508, having a 1974 proof mark with all other markings obliterated, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: the conspiracy to possess with intent to

distribute cocaine alleged in Count One of this Indictment, a violation of 21 U.S.C. § 846.

In violation of 18 U.S.C. § 924(c).

## Count Five

Violation:  18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about August 5, 2009, within the Northern District of Texas, **Mario**

**Orozco-Silva**, Defendant, did knowingly possess firearms, namely, a Colt, AR-15 style,

.223 caliber machine gun with obliterated markings and a Norinco Model AK Style,

7.62x39mm caliber machine gun, Serial No. 212508, having a 1974 proof mark with all

other markings obliterated, in furtherance of a drug trafficking crime for which he may be

prosecuted in a Court of the United States, to wit: the conspiracy to possess with intent to

distribute cocaine alleged in Count One of this Indictment, a violation of 21 U.S.C. § 846.

In violation of 18 U.S.C. § 924(c).

## Count Six

Violation:  18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about August 5, 2009, within the Northern District of Texas, **Miguel**

**Solorzano-Gama**, defendant, did knowingly possess firearms, namely, a Colt, AR-15

style, .223 caliber machine gun with obliterated markings and a Norinco Model AK Style,

7.62x39mm caliber machine gun, Serial No. 212508, having a 1974 proof mark with all

other markings obliterated, in furtherance of a drug trafficking crime for which he may be

prosecuted in a Court of the United States, to wit: the conspiracy to possess with intent to

distribute cocaine alleged in Count One of this Indictment, a violation of 21 U.S.C. § 846.

In violation of 18 U.S.C. § 924(c).

### Count Seven

Violation:  18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about August 5, 2009, within the Northern District of Texas, **Clemente**

**Valdez, Jr.**, defendant, did knowingly possess firearms, namely, a Colt, AR-15 style, .223

caliber machine gun with obliterated markings and a Norinco Model AK Style,

7.62x39mm caliber machine gun, Serial No. 212508, having a 1974 proof mark with all

other markings obliterated, in furtherance of a drug trafficking crime for which he may be

prosecuted in a Court of the United States, to wit: the conspiracy to possess with intent to

distribute cocaine alleged in Count One of this Indictment, a violation of 21 U.S.C. § 846.

In violation of 18 U.S.C. § 924(c).

### Count Eight

Violation:  18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about August 5, 2009, within the Northern District of Texas, **Jesus Jaimes,**

**Jr.**, defendant, did knowingly possess firearms, namely, a Glock, Model 22, .40 caliber

pistol, Serial No. 1M02733HP and a Colt, Model Colt Custom, .38 caliber semi-automatic

pistol, Serial No. ELCEN4326, in furtherance of a drug trafficking crime for which he

may be prosecuted in a Court of the United States, to wit: the conspiracy to possess with

intent to distribute cocaine alleged in Count One of this Indictment, a violation of 21

U.S.C. § 846.

     In violation of 18 U.S.C. § 924(c).

### Count Nine

> Violation:  18 U.S.C. § 924(c)
> (Possession of a Firearm in Furtherance
> of a Drug Trafficking Crime)

     On or about August 5, 2009, within the Northern District of Texas, **Jorge**

**Villegas-Jaimes**, defendant, did knowingly possess firearms, namely, a Glock, Model 22,

.40 caliber pistol, Serial No. 1M02733HP and a Colt, Model Colt Custom, .38 caliber

semi-automatic pistol, Serial No. ELCEN4326, in furtherance of a drug trafficking crime

for which he may be prosecuted in a Court of the United States, to wit: the conspiracy to

possess with intent to distribute cocaine alleged in Count One of this Indictment, a

violation of 21 U.S.C. § 846.

     In violation of 18 U.S.C. § 924(c).

## Count Ten

> Violation:  18 U.S.C. § 924(c)
> (Possession of a Firearm in Furtherance
> of a Drug Trafficking Crime)

On or about August 5, 2009, within the Northern District of Texas, **Mario Orozco-Silva**, defendant did knowingly possess firearms, namely, a Glock, Model 22, .40 caliber pistol, Serial No. 1M02733HP and a Colt, Model Colt Custom, .38 caliber semi-automatic pistol, Serial No. ELCEN4326, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: the conspiracy to possess with intent to distribute cocaine alleged in Count One of this Indictment, a violation of 21 U.S.C. § 846.

In violation of 18 U.S.C. § 924(c).

## Count Eleven

> Violation:  18 U.S.C. § 924(c)
> (Possession of a Firearm in Furtherance
> of a Drug Trafficking Crime)

On or about August 5, 2009, within the Northern District of Texas, **Miguel Solorzano-Gama**, defendant, did knowingly possess firearms, namely, a Glock, Model 22, .40 caliber pistol, Serial No. 1M02733HP and a Colt, Model Colt Custom, .38 caliber semi-automatic pistol, Serial No. ELCEN4326, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: the conspiracy to possess with intent to distribute cocaine alleged in Count One of this Indictment, a

violation of 21 U.S.C. § 846.

In violation of 18 U.S.C. § 924(c).

## Count Twelve

Violation:  18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about August 21, 2009, within the Northern District of Texas, **Jorge Cruz**,

defendant, did knowingly possess a firearm, namely, a Norinco Model Sporter,

7.62x39mm caliber semi-automatic rifle, Serial No. 1404860, in furtherance of a drug

trafficking crime for which he may be prosecuted in a Court of the United States, to wit:

the conspiracy to possess with intent to distribute cocaine alleged in Count One of this

Indictment, a violation of 21 U.S.C. § 846.

In violation of 18 U.S.C. § 924(c).

## Count Thirteen

Violation:  18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about August 20, 2009, within the Northern District of Texas, **Jorge**

**Fernandez-Olver**, defendant, did knowingly possess a firearm, namely, a HS Produkt

"Sprinfield Armory" Model XD-9, 9mm caliber semi-automatic pistol, Serial No.

US875245, in furtherance of a drug trafficking crime for which he may be prosecuted in a

Court of the United States, to wit: the conspiracy to possess with intent to distribute

cocaine alleged in Count One of this Indictment, a violation of 21 U.S.C. § 846.

In violation of 18 U.S.C. § 924(c).

## Count Fourteen

> Violation:  18 U.S.C. § 924(c)
> (Possession of a Firearm in Furtherance
> of a Drug Trafficking Crime)

On or about August 21, 2009, within the Northern District of Texas, **Roberto Renteria-Solorzano**, defendant, did knowingly possess a firearm, namely, a Ruger New Model Super Blackhawk, .44 caliber revolver, Serial No. 85-07983, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: the conspiracy to possess with intent to distribute cocaine alleged in Count One of this Indictment, a violation of 21 U.S.C. § 846.

In violation of 18 U.S.C. § 924(c).

## Count Fifteen

> Violation:  18 U.S.C. § 924(c)
> (Possession of a Firearm in Furtherance
> of a Drug Trafficking Crime)

On or about August 19, 2009, within the Northern District of Texas, **Rigo Rivera**, defendant, did knowingly possess firearms, namely, a Colt Model Gold Cup Trophy Model, .45 caliber semi-automatic pistol, Serial No. GCT14914, a Llama Unknown Model, .45 caliber semi-automatic pistol, Serial No. B95068 or 895068, a Sig Saur Model P220, .45 caliber semi-automatic pistol, Serial No. G250612 and a CBC Mossberg Model

702, .22 caliber bolt-action rifle, Serial No. EHJ412496, in furtherance of a drug

trafficking crime for which he may be prosecuted in a Court of the United States, to wit:

the conspiracy to possess with intent to distribute cocaine alleged in Count One of this

Indictment, a violation of 21 U.S.C. § 846.

 In violation of 18 U.S.C. § 924(c).

### Count Sixteen

> Violation:18U.S.C. §§1956(h),
> 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and
> 1956(a)(2) [Conspiracy to commit
> Money Laundering]

 That from in or about January 2005, the exact date unknown to the United States

Grand Jury, and continuously thereafter up to and including the date of the filing of this

Second Superseding Indictment, in the Eastern District of Texas and elsewhere within the

jurisdiction of the Court,

**Jorge Villegas-Jaimes**
**Jesus Jaimes, Jr.**
**Mario Orozco-Silva**
**Miguel Solorzano-Gama**
**Clemente Valdez, Jr.**
**Rigo Rivera**
**Veronica Vasquez**
**Gumercindo Chavarria-Hernandez**
**Jorge Cruz, Jr.**
**Yamis Hinojosa**
**Roberto Renteria-Solorzano**
**Ana Lilia Reyes-Tovera**
**Jorge Fernandez-Olver**
**Alejandro Menchanca**
**Terrance Eugene Mills**

**SECOND SUPERSEDING INDICTMENT/NOTICE OF PENALTY - Page 11**

**Emilio Martinez-Gomez**
**Jose Armando Jaimez-Piza**
**Fernando Zuniga**
**Eric Cervantes-Duarte**
**Matias Garcia-Robles**
**Jesse Alvarez-Cipriano**
**Luis Emilio Mendoza-Davila**

defendants, did knowingly and intentionally combine, conspire, confederate, and agree

together and with each other, and with others known and unknown to the Grand Jury, to

commit certain offenses against the United States, to-wit:

1. to knowingly conduct and cause to be conducted a financial transaction, the

activities of which affect interstate and foreign commerce, with proceeds of a specified

unlawful activity, that is, Conspiracy to Possess with Intent to Distribute a Controlled

Substance, to-wit: methamphetamine and cocaine, as described in this Second

Superseding Indictment, knowing that the transaction was designed in whole or in part to

conceal and disguise the nature, ownership, control, and source of the proceeds of the

specified unlawful activity, and knowing that the property represented the proceeds of

some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(I);

2. to knowingly conduct and cause to be conducted a financial transaction, the

activities of which affect interstate and foreign commerce, with proceeds of a specified

unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled

Substance, to-wit: methamphetamine and cocaine, as described in this Second

Superseding Indictment, with the intent to promote the carrying on of said specified

unlawful activity, and knowing that the property involved represents the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(I); and

3.      to transport, transmit, or transfer, or attempt to transport, transmit, or transfer, monetary instruments or funds from the United States to or through a place outside the United States, or to the United States from or through a place outside the United States with the intent to promote the carrying on of a specified criminal activity, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance, to wit: methamphetamine and cocaine, as described in this Second Superseding Indictment, and knowing that the monetary instruments or funds involved in the transportation, transmission, or transfer represent the proceeds of the specified unlawful activity and knowing that such transportation, transmission, or transfer was designed, in whole or in part, to conceal or disguise the nature, ownership, control, or source of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2).

## **MANNER AND MEANS**

1. It was a part of the conspiracy to transport, transmit, or transfer to the Republic of Mexico from the United States, United States currency that was derived from the smuggling of methamphetamine and cocaine into the United States and the distribution of methamphetamine and cocaine in the United States, in order to promote the carrying on of the Conspiracy to Possess with the Intent to Distribute a Controlled Substance and to conceal or disguise the nature, ownership, control, or source of the proceeds derived

therefrom, as described in the Second Superseding Indictment;

2. It was further a part of the conspiracy to receive United States currency derived from the Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to-wit: methamphetamine and cocaine, and to transport, transmit, or transfer the illegal proceeds from the United States to the Republic of Mexico, for the purpose of paying for the methamphetamine and cocaine that this organization had received.

## OVERT ACTS

In furtherance of this conspiracy, and to effect and accomplish the objects of the conspiracy, one or more of the Defendants or conspirators, both indicted and unindicted, and other persons known and unknown to the Grand Jury, performed or caused the performance of certain overt acts in the Eastern District of Texas and elsewhere within the jurisdiction of this Court, including but not limited to the following:

1.     From January 2005 to the present, the defendants listed above and others were workers and distributors for this Drug Trafficking Organization. These workers and distributors were responsible for meeting the source of supply for methamphetamine and cocaine, picking up quantities of methamphetamine and cocaine, distributing the methamphetamine and cocaine within the United States, then collecting the illegal proceeds, preparing the illegal proceeds for the purpose of shipping, and then transporting, transmitting, or transferring the illegal proceeds back to the Republic of Mexico.

2.      On or about August 4, 2009 **Jesus Jaimes, Jr.** transported $24,000.00 in United States currency.  **Jesus Jaimes, Jr.** also possessed 15 kilograms of cocaine and suspected drug ledgers at his residence.

3.      **Jesus Jaimes, Jr.** received 15 kilograms of cocaine from the source of supply at Beltline and 183 in Irving, Texas.

4.      **Mario Orozco-Silva** transported, transmitted, or transferred $484,000.00 in United States currency, derived from the previous shipment and distribution of 22 kilograms of cocaine, from the United States to the Republic of Mexico.

5.      Since 2008, **Mario Orozco-Silva** utilized a particular residence to either unload a shipment of cocaine or to collect illegal proceeds for shipment to the Republic of Mexico.

6.      On or about August 20, 2009, **Gumercindo Chavarria-Hernandez** and **Veronica Vasquez** transported $220,962.00 in United States currency, which constituted proceeds derived from the sale of controlled substances.

7.      On or about August 21, 2009, **Robert Solorzano-Renteria** and **Ana Lilia Reyes-Tovera** possessed $123,245.00 in United States currency, which constituted proceeds derived from the sale of controlled substances.

8.      On or about August 21, 2009 **Jorge Cruz** and **Yamis Hinojosa** possessed $27,571.00 in United States currency, which constituted proceeds derived from the sale of controlled substances.

SECOND SUPERSEDING INDICTMENT/NOTICE OF PENALTY - Page 15

9.     On or about August 21, 2009, **Clemente Valdez** possessed $5,256.00 in United States currency, which constituted proceeds derived from the sale of controlled substances.

10.     On or about August 21, 2009, **Jorge Fernandez-Olver** possessed $4,452.00 in United States currency, which constituted proceeds derived from the sale of controlled substances.

11.     On or about August 21, 2009, **Rigo Rivera** possessed $2,850.00 in United States currency, which constituted proceeds derived from the sale of controlled substances.

In violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(a)(2).

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
Pursuant to 18 U.S.C. § 924(d), 18 U.S.C. 982 and 21 U.S.C. § 853

As a result of committing the offenses charged in this Second Superseding Indictment, Defendants used or intended to use the following property to commit or facilitate the offenses and/or derived the following property from proceeds obtained directly or indirectly as a result of committing of the violations of 18 U.S.C. § 924(c), 18 U.S.C. § 1956 and 21 U.S.C. § 846, including but not limited to the following:

### A.     REAL PROPERTY

1.     All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 3419 Arizona, Dallas, Texas being the same property more fully described as follows:  Marsalis Club,

SECOND SUPERSEDING INDICTMENT/NOTICE OF PENALTY - Page 16

Arizona & D P L RW;

2.      All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 2646 Seevers, Dallas, Texas
        being the same property more fully described as follows:  Broadmoor, BLK
        14/4200 LT 12;

3.      All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 4303 Eric, Grand Prairie,
        Texas being the same property more fully described as follows: Westchester
        Meadow PH 1B, Blk 8 LT 36 ACS 0.1590;

4.      All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 2747 Llewellyn, Dallas,
        Texas being the same property more fully described as follows:
        Wynnewood, Lot 11, Llewellyn & Bristol Dr.;

5.      All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at Ranch FM 933 and FM
        2126;

6.      All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 2506 Kleberg Rd.,
        Seagoville, Texas being the same property more fully described as follows:
        Herman Heider ABST 541 PG 510, TR 39.2 ACS 9.9020;

7.      All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 4242 Lomo Alto, Suite N37,
        Dallas, Texas being the same property more fully described as follows:
        Crestpark in Highland Park Condo, Crestpark Westpk LT 6A ACS 1.305,
        Unit N37 CE 0.40978235%;

8.      All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 3201 Wren Ln., Midlothian,
        Texas being the same property more fully described as follows:  125
        Mockingbird Ests Ph III;

9.      All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 2111 W. Clarendon, Dallas,
        Texas being the same property more fully described as follows:  Sunset Hill

Rev, Blk 12/3450 Lots 34-37;

10.     All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 2743 Seevers, Dallas, Texas
        being the same property more fully described as follows:  Blk 46/4206, Lt
        23;

11.     All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 2747 Seevers, Dallas, Texas
        being the same property more fully described as follows:  Broadmoor, Blk
        45/4205 Lt 12;

12.     All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 1006 Havenbrook,
        Arlington, Texas being the same property more fully described as follows:
        Eden Road Estates, Blk 6 Lot 14;

13.     All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 317 S. Montreal, Dallas,
        Texas being the same property more fully described as follows:  Sunset
        Hill, Blk 7/3452 Lot 17;

14.     All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 1948 Pleasant, Dallas, Texas
        being the same property more fully described as follows:  Wheatview, Blk
        B/6312 Pt Lt 1, Less 31 sq ft.;

15.     All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 1811 Cliffcreast,
        Duncanville, Texas being the same property more fully described as
        follows:  River Oaks, Blk V Lot 17;

16.     All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 318 Blueberry, Duncanville,
        Texas being the same property more fully described as follows:
        Fairmeadows 11, Blk L Lot 12;

17.     All that lot or parcel of land, together with buildings, improvements,
        fixtures, attachments and easements located at 2423 Wynnewood, Dallas,
        Texas being the same property more fully described as follows:

Wynnewood, Blk 13/5975 Lt 22;

18. All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located at 2203 Michigan, Dallas, Texas, Texas being the same property more fully described as follows: Trinity Heights #2, Blk 27/3649 Lot 1;

## B.   VEHICLES

1. 2008 Ford F-Series Truck, Texas license plate 89DNY7, VIN #1FTWW33R18EC81454;

2. 2004 Ford F-Series Truck, Texas license plate 96XGK8, VIN #1FTWW33P84EB91713;

3. 2008 Ford F-Series Truck, Texas license plate 89DNY7, VIN #1FTWW33R18EC81454;

4. 2003 Ford Expedition, Texas license plate CLJ773, VIN #1FMEU15L03LA34294;

5. 2006 Dodge 4-Door, Texas license plate MXC919, VIN #2B3KA43R96H414987;

6. 2005 Chevy 4-Door, Texas license plate KVJ835, VIN #2C3JA63H85H631012;

7. 2006 Lincoln Mark Lt., Texas license plate 9745BD, VIN #5LTPW18516FJ23330;

8. 2003 Cadillac, Texas license plate 693VHR, VIN #1GYEC63T43R203120;

9. 2004 Ford Pick-Up Truck, Texas license plate 88PMY6, VIN #22035239357103632 seized from 611 Abney, Lufkin, Texas;

10. 2008 Dodge Pick-Up Truck, Texas license plate 41WSW9, VIN #3D7MX48A88G128954.

## C.   FIREARMS

1. Colt, AR-15 Style, .223 caliber machine gun, Having all markings obliterated;

2. Norinco, Model AK Style, 7.62x39 mm caliber machine gun, Serial Number 212508 having a 1974 proofmark, having all other markings obliterated;

3. Glock, Model 22, .40 caliber semi-automatic pistol, Serial Number 1M02733HP, manufactured in Austria and imported by Glock Inc. located in Smyrna, GA;

4. Colt, Model Colt Custom, .38 caliber semi-automatic pistol, Serial Number ELCEN4326;

5. Rock Island Armory, Model Unknown, .45 caliber semi-automatic pistol, Serial Number RIA1011484, manufactured in the Philippines and imported by Armscor Precision located in Pahrump, NV;

6. D.P.M.S. Inc., Model A15, .223 caliber semi-automatic rifle, Serial Number 1423;

7. Rock Island Armory, Model Unknown, .38 caliber semi-automatic pistol, Serial Number RIA1058301, manufactured in the Philippines and imported by Armsco Precision located in Pahrump, NV;

8. Norinco, Model MAK-90 Sporter, 7.62 x 39mm caliber semi-automatic rifle, Serial Number 9456497, manufactured in China and imported by ACC Intl/Intrac located in Knoxville, TN;

9. Norinco, Model Sporter, 7.62x39mm caliber semi-automatic rifle, Serial Number 1404860, manufactured in China and imported by B-West located in Tucson, AZ;

10. Colt, Model AR-15 A2, .223 caliber semi-automatic rifle, Serial Number 6C015332;

11. HS Product ("Springfield Armory'), Model XD-9, 9mm caliber semi-automatic pistol, Serial Number US875245, manufactured in Croatia and imported by Springfield Inc. located in Geneseo, IL;

**SECOND SUPERSEDING INDICTMENT/NOTICE OF PENALTY - Page 20**

12.  Ruger, New Model Super Blackhawk, .44 caliber revolver, Serial Number 85-07983;

13.  Colt, Model Gold Cup Trophy Model, .45 caliber semi-automatic pistol, Serial Number GCT14914;

14.  Sig Saur, Model P220, .45 caliber semi-automatic pistol, Serial Number G250612, manufactured in Germany and imported by Sigarms Inc. located in Exeter, NH;

15.  CBC ("Mossberg"), Model 702, .22 caliber bolt-action rifle, Serial Number EHJ412496, manufactured in Brazil and imported by Mossberg Int., Inc. located in North Haven, CT;

## D.  CURRENCY

1.  $5,256.00 seized from **Clemente Valdez**;

2.  $50,960.00 seized from 1811 Cliffcrest, Duncanville, Texas;

3.  $219,450.00 seized from **Gumercindo Chavarria-Hernandez** and **Veronica Vasquez**;

4.  $1,512.00 seized from **Gumercindo Chavarria-Hernandez** and **Veronica Vasquez**;

5.  $4,452.00 seized from **Jorge Fernandez-Olver**;

6.  $123,245.00 seized from **Roberto Solorzano-Renteria** and **Ana Lilia Reyes-Tovera**;

7.  $27,571.00 seized from **Jorge Cruz** and **Yamis Hinojosa**;

8.  $2,850.00 seized from **Rigo Rivera**;

9.  $287.00 seized from 1032 Fleetwood Cove, Grand Prairie, Texas;

10.  $24,182.00 seized from **Jesus Jaimes, Jr.**;

11.  $207,005.00 in U.S. currency seized from 611 Abney, Lufkin, Texas.

### E.    CASH PROCEEDS

Approximately $8,000,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations.

### F.    SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of Defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of Defendants up to the value of the forfeitable property described above.

By virtue of the commission of the offenses charged in this Second Superseding

Indictment, any and all interest Defendants have in the above-described property is vested

in the United States and hereby to the United States pursuant to 18 U.S.C. § 924(d), 18

U.S.C. § 982 and 21 U.S.C. § 853.

A TRUE BILL

_____ *DmC* _____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY


ERNEST GONZALEZ
Assistant United States Attorney

_10/15/09_
Date

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | SEALED |
| | § | |
| VS. | § | NO. 4:09CR142 |
| | § | Judge Schell |
| JORGE VILLEGAS-JAIMES (1) | § | |
| JESUS JAIMES, JR. (2) | § | |
| MARIO OROZCO-SILVA (3) | § | |
| MIGUEL SOLORZANO-GAMA (4) | § | |
| CLEMENTE VALDEZ, JR. (5) | § | |
| RIGO RIVERA (7) | § | |
| VERONICA VASQUEZ (8) | § | |
| GUMERCINDO CHAVARRIA- | § | |
| HERNANDEZ (9) | § | |
| JORGE CRUZ, JR. (10) | § | |
| YAMIS HINOJOSA (11) | § | |
| ROBERTO RENTERIA-SOLORZANO | § | |
| (12) | § | |
| ANA LILIA REYES-TOVERA (13) | § | |
| JORGE FERNANDEZ-OLVER (14) | § | |
| a.k.a. "Javier Alfonso Fernandez-Olver | § | |
| ALEJANDRO MENCHANCA (15) | § | |
| TERRANCE EUGENE MILLS (16) | § | |
| EMILIO MARTINEZ-GOMEZ (17) | § | |
| JOSE ARMANDO JAIMEZ-PIZA (18) | § | |
| FERNANDO ZUNIGA (19) | § | |
| ERIC CERVANTES-DUARTE (20) | § | |
| MATIAS GARCIA-ROBLES (21) | § | |
| JESSE ALVAREZ-CIPRIANO (22) | § | |
| LUIS EMILIO MENDOZA-DAVILA (23) | § | |

## NOTICE OF PENALTY

### Count One

Violation:   21 U.S.C. § 846

Penalty:   If 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine – not less than 10 years and not more than life imprisonment, a fine not to exceed $4 million, or both; supervised release of at least five (5) years;

If 500 grams or more but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine – not less than five (5) and not more than 40 years imprisonment, a fine not to exceed $2 million, or both; supervised release of at least four (4) years;

If less than 500 grams of a mixture or substance containing a detectable amount of cocaine – not more than 20 years imprisonment, a fine not to exceed $1 million, or both; supervised release of at least three (3) years.

Special Assessment:        $100.00

### Count Two

Violation:   21 U.S.C. § 846

Penalty:   If 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or if 50 grams or more of Methamphetamine (actual) -- not less than10 years and not more that life imprisonment, a fine not to exceed $4 million, or both; supervised release of at least five (5) years;

If 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine or if 5 grams or more of Methamphetamine (actual) -- not less than five (5) and not more than 40 years imprisonment, a fine not to exceed $2 million, or both; supervised release of at least four (4) years;

If less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine or if less than 5 grams of Methamphetamine

(actual) -- not more than 20 years imprisonment, a fine not to exceed $1 million, or both; supervised release of at least three (3) years.

Special Assessment: $100.00

### Counts Three - Seven

Violation:     18 U.S.C. § 924(c)

Penalty:       Imprisonment for not less than five (5) years nor more than life.

If the firearm possessed by a person convicted of a violation of this subsection is a machine gun, the person shall be sentenced to a term of imprisonment of not less than thirty (30) years nor more than life

In the case of a second or subsequent conviction under this subsection, if the firearm involved is a machine gun, the person shall be sentenced to imprisonment for life.

A fine not to exceed $250,000, or both imprisonment and a fine. A term of supervised release of not more than five (5) years, unless the person is sentenced to imprisonment for life.

Special Assessment: $100.00

### Counts Eight-Fifteen

Violation:     18 U.S.C. § 924(c)

Penalty:       Imprisonment for not less than 5 years and not more than life; a fine not to exceed $250,000, or both. A term of supervised release of not more than (5) years.

Special Assessment: $100.00

### Count Sixteen

Violation:              Title 18, United States Code 1956(h), 1956(a)(1)(A)(i), 1956 (a)(1)(B)(i) and 1956(a)(2)

**SECOND SUPERSEDING INDICTMENT/NOTICE OF PENALTY - Page 26**

Penalty:                    Imprisonment for not more than twenty (20) years, a fine not to exceed $500,000.00 or twice the value of the property involved in the transaction, whichever is greater, or both.  A term of supervised release of at least three (3) years.

Special Assessment:      $100.00